IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

MICHELLE TRAPP, on behalf of    )
herself and others similarly situated,    )
    )
       Plaintiffs,    )
    )
       v.    )      1:15-CV-937
    )
SUNTRUST BANK,    )
    )
       Defendant.    )

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

The plaintiff, Michelle Trapp, and her husband applied for a loan from the defendant SunTrust Bank. After SunTrust denied the loan application, Ms. Trapp filed suit alleging that SunTrust provided a vague and untruthful explanation for the denial of credit in violation of the Equal Credit Opportunity Act. SunTrust moves for judgment on the pleadings, contending that its explanation was adequate as a matter of law. Taking the allegations in the complaint as true for purposes of this motion, the Court finds that the complaint states a claim and will deny the motion.

## FACTS AND CLAIMS IN THE AMENDED COMPLAINT

Ms. Trapp and her husband applied for a loan from SunTrust, (Doc. 16 ¶ 9), and submitted a completed application. (*Id.* ¶ 16). SunTrust decided not to approve the loan. (*Id.* ¶ 10). SunTrust called Ms. Trapp to discuss the reasons for the denial, telling her that the loan was denied "because of a fraud warning that her husband's social security

number was that of a deceased person." (*Id.* ¶ 11). SunTrust then sent a letter stating that the loan was denied because "Additional Information Required." (*Id.* ¶ 13).

Ms. Trapp contends that the denial letter did not provide a specific or truthful explanation of the reason for the denial of her completed loan application. (*Id.* ¶¶ 15, 32). She contends this failure violated the Equal Credit Opportunity Act.

## THE EQUAL CREDIT OPPORTUNITY ACT

The Equal Credit Opportunity Act ("ECOA") prohibits discrimination against an applicant for credit based on race, color, religion, national origin, sex or marital status, or age, *see* 15 U.S.C. § 1691(a), and establishes procedures creditors must follow in notifying applicants when action is taken on their credit applications. *See* § 1691(d). The ECOA creates a private right of action for compensatory and punitive damages, equitable relief, and recovery of costs, and provides a two-year statute of limitations from the date of the violation. § 1691e(a)-(f).

The ECOA requires creditors to take action on completed loan applications within thirty days. § 1691(d)(1).[1] A completed application is one for which a creditor has received all the information the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested. 12 C.F.R. § 1002.2(f). When a completed loan application is denied, the creditor must provide an applicant with a statement containing specific reasons for the denial. 15 U.S.C. § 1691(d)(2)-(3). When

---

[1] A "creditor" means a person who, in the ordinary course of business, regularly participates in a credit decision, including setting the terms of credit. 12 C.F.R. § 1002.2(l). It is undisputed for purposes of this motion that SunTrust is a creditor under the ECOA.

disclosing the specific reason a credit application is denied, the creditor must "accurately describe the factors actually considered." 12 C.F.R. pt. 1002, Supp. I, ¶ 9(b)(2)(2) ("official interpretations").[2]

The regulations concerning incomplete applications allow creditors a choice between acting on an application and giving the applicant an opportunity to provide the missing information. 12 C.F.R. § 1002.9(a)-(c). If the creditor decides to give the applicant an opportunity to provide the missing information, then the regulations require the creditor to specifically identify the information that is needed. § 1002.9(c)(2).

If, however, the creditor decides to deny the incomplete application, the creditor must provide the specific reasons for the denial. § 1691(d)(2)-(3). If the creditor denied the application because the borrower provided insufficient data for a credit decision, it is sufficient for the creditor to explain the denial as based on an incomplete application. 12 C.F.R. §§ 1002.9(a)(2), 1002.9(c)(1)(i); 12 C.F.R. pt. 1002, Supp. I, ¶ 9(a)(1)(3) ("official interpretations"). If, however, the incomplete application provided "sufficient

_____

[2] SunTrust asserts in a footnote that "12 C.F.R. § 202 has been superseded by 12 C.F.R. § 1002.9." (Doc. 24 at 6 n.3). It appears that after the Dodd-Frank Act transferred rulemaking authority for the ECOA to the Bureau of Consumer Financial Protection ("CFPB") in July 2011, the CFPB "substantially duplicate[d]" the existing regulations, known as Regulation B and codified at 12 C.F.R. § 202, into the new Regulation B codified at 12 C.F.R. § 1002. *See* Equal Credit Opportunity (Regulation B), 76 Fed. Reg. 79442-01, 79442 (Dec. 21, 2011). The CFPB made only minor formatting and stylistic changes at that time; it does not appear that § 202 was ever rescinded or repudiated; and other courts continue to cite to § 202 and its supplemental staff interpretations. *See RL Regi N. Carolina, LLC v. Lighthouse Cove, LLC*, 367 N.C. 425, 428, 762 S.E.2d 188, 190 (2014); *Piotrowski v. Wells Fargo Bank, NA*, No. DKC 11-3758, 2015 WL 4602591, at *12 (D. Md. July 29, 2015). In any event, while it does not appear that there is any substantive distinction between the old and new Regulation B that would be relevant to this case, the Court cites throughout to the regulations contained at § 1002 and the corresponding supplemental interpretation.

3

data for a credit decision," and the creditor actually evaluated the application and made a "credit decision" to deny the application, then a specific reason for the denial must be given, and "incomplete application" does not suffice. 12 C.F.R. pt. 1002, Supp. I, ¶ 9(a)(1)(4). Just as when a completed application is denied, the creditor must "accurately describe the factors actually considered." *Id.* ¶ 9(b)(2)(2).

To summarize, a creditor can comply with the ECOA in one of four ways, depending on the circumstances:

1. If a loan application is complete and credit is denied, which is the case that the plaintiff here posits, the creditor must state specifically why the application was denied.

2. If a loan application is incomplete, the creditor may, but is not required to, send the applicant a written notice specifying the information needed, designating a reasonable period of time for the applicant to provide the information, and informing the applicant that failure to provide the information requested will result in no further consideration being given to the application.

3. If a loan application is incomplete and the creditor lacks sufficient data for a credit decision, which is the case that the defendant here posits, a denial is sufficient if it states that the application is incomplete.

4. If a loan application is incomplete, but the creditor has sufficient data for a credit decision and decides to deny the application, an explanation of "additional information required" is insufficient; the credit-related reason must be stated with specificity.

4

## MOTIONS FOR JUDGMENT ON THE PLEADINGS

Motions for judgment on the pleadings are evaluated under the same standards as motions to dismiss under Rule 12(b)(6) for failure to state a claim. *Drager v. PLIVA USA, Inc.*, 741 F.3d 470, 474 (4th Cir. 2014); *Butler v. United States*, 702 F.3d 749, 751-52 (4th Cir. 2012). In evaluating motions to dismiss for failure to state a claim, the well-pleaded allegations in the complaint are accepted as true, *Brockington v. Boykins*, 637 F.3d 503, 505 (4th Cir. 2011), and the court must draw all reasonable factual inferences in the plaintiff's favor. *Massey v. Ojaniit*, 759 F.3d 343, 353 (4th Cir. 2014). "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint," *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999), and, subject to a plausibility review that looks beyond labels and conclusions, *see Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009), the Court will not "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Edwards*, 178 F.3d at 243 (internal quotation marks omitted).

Nor, generally, should a court consider matters outside the pleadings when ruling on a motion to dismiss. *Am. Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004). A court may, however, consider exhibits such as contracts that are integral to and were relied upon in the complaint and whose authenticity is not in dispute. *Blankenship v. Manchin*, 471 F.3d 523, 526 n.1 (4th Cir. 2006); *accord*, *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). The defendant cannot, however, rely on allegations of fact contained only in the answer that contradict the complaint, because "Plaintiffs were not required to reply to [the] answer, and all

5

allegations in the answer are deemed denied." *Alexander v. City of Greensboro,* 801 F.

Supp. 2d 429, 433 (M.D.N.C. 2011) (internal quotations omitted).

In support of its motion, SunTrust relies on the denial letter. (Doc. 19-1). As that

denial letter is integral to the complaint and Ms. Trapp has not disputed its authenticity, it

is appropriate to consider the letter along with the allegations in the complaint.

Beyond the allegations of the complaint and the denial letter, SunTrust also relies

on certain factual allegations it presented in its answer. (*See* Doc. 17 at ¶¶ 10-13.) While

each of those individual assertions is not necessarily inconsistent with the allegations in

the complaint, as a whole they are inconsistent with the allegation in the complaint that

the Trapps' credit application was complete. Therefore, the Court will not consider those

assertions. Nor will the Court consider the evidence Ms. Trapp submitted, (*see* Docs. 23-

1; 23-2), in opposition to SunTrust's factual assertions. Fed. R. Civ. P. 12(d).

## CONTENTIONS AND ANALYSIS

Ms. Trapp specifically alleges that her loan application was complete, (Doc. 16 at

¶ 16), that SunTrust decided not to approve the loan, (*id.* ¶ 10), and that the only

explanation given was "additional information required," which, she contends, is legally

insufficient under the ECOA. (*Id.* ¶ 32). While not stated explicitly, she appears to

contend that SunTrust did not deny her application because it needed additional

information, but rather it denied the credit application on its merits because of the fraud

alert related to her husband's Social Security number. She does not allege that SunTrust violated the notice provisions concerning incomplete loan applications.[3]

SunTrust contends that because the fraud alert indicated that the Social Security number Mr. Trapp provided belonged to a deceased person, SunTrust necessarily could not make a credit decision, as the credit information it had could not be linked to Mr. Trapp as opposed to the deceased person or to some fraudster. Without adequate information about identity, SunTrust contends that the application was necessarily incomplete and that it complied with the requirements of 12 C.F.R. § 1002.9(c) by notifying Ms. Trapp that the application was denied because additional information was required. (Doc. 19 at 8-14).

If SunTrust produces evidence to support these contentions, it may well prevail. However, considering only the allegations of the complaint and the contents of the loan denial letter, the Court cannot say that the loan application was complete or incomplete as a matter of law. As noted *supra*, a completed application is one in which a creditor has received all the information that the creditor regularly obtains and considers in evaluating applications for the amount and type of credit requested. 12 C.F.R. § 1002.2(f). The

---

[3] In her brief, Ms. Trapp argues that her credit application could not have been incomplete, because if it were incomplete, SunTrust was required to identify in writing the specific information needed to complete the application. (Doc. 23 at 11-12). As discussed *supra*, that is not necessarily correct: if SunTrust did not have adequate information on which to base a credit decision, no such specificity is required. At oral argument, counsel for Ms. Trapp also contended that the phrase "additional information required" does not suffice even if a loan application is incomplete and the creditor lacks sufficient data for a credit decision because in that circumstance the explanation must specifically say the application is incomplete. In any event, these are moot points, and the Court need not decide whether such "magic words" are needed, as Ms. Trapp has not attempted to state a claim based on an inadequate notification related to an incomplete application.

7

question of whether the application was complete or incomplete is better decided on a more developed factual record. *See Errico v. Pac. Capital Bank*, 753 F. Supp. 2d 1034, 1043 (N.D. Cal. 2010) (denying a motion to dismiss where question of whether application was complete "will depend on the type of information Defendants regularly obtain and consider in evaluating credit applications.").

In the alternative, SunTrust contends that its explanation, taken in context of the telephone call to Ms. Trapp about her husband's Social Security number, was sufficient even for denial of a completed application. (Doc. 19 at 16). By its terms, this argument depends upon an evaluation of the full context of the explanation, which the Court does not have before it based on the complaint and denial letter alone. Moreover, Ms. Trapp alleges that the real reason the application was denied was the fraud alert, not the lack of information about Mr. Trapp's Social Security number, (Doc. 16 at ¶¶ 10-11), thus adequately alleging that the reason given was not accurate. *See Carroll v. Exxon Co., U.S.A.*, 434 F. Supp. 557, 563 (E.D. La. 1977) (indicating that the explanation given by the creditor must be the actual reason credit was denied); 12 C.F.R. pt. 1002, Supp. I, ¶ 9(b)(2)(2) (requiring that when disclosing a specific reason a credit application is denied, the creditor must "accurately describe the factors actually considered.").

To the extent Ms. Trapp contends that SunTrust violated the ECOA merely by using a form letter, (Doc. 16 at ¶ 15), she fails to state a claim. It is well established that "the notification need not be extensive," and that "a short, check-list statement may be sufficient." *Martin v. Q&A Enterprises*, No. 3:11CV654–HEH, 2012 WL 380065, at *4 (E.D. Va. Feb. 6, 2012) (internal quotations omitted); *see also Aikens v. Nw. Dodge, Inc.*,

8

No. 03 C 7956, 2006 WL 59408, at *4 (N.D. Ill. Jan. 5, 2006).  Whether an explanation is sufficient depends on whether it accurately and specifically states the reasons for the denial, not on whether the explanation was provided in a form letter.

It is **ORDERED** that the amended motion for judgment on the pleadings, (Doc. 18), is **DENIED** without prejudice to a summary judgment motion.

This the 23rd day of March, 2016.

_____
UNITED STATES DISTRICT JUDGE