# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MICHELLE A. TRAPP and DAVID ALLEN TRAPP, on behalf of themselves and others similarly situated, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:15-CV-937 |
| SUNTRUST BANK, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Catherine C. Eagles, District Judge.

In connection with the recently granted motion to dismiss, the parties submitted several documents that the defendant SunTrust Bank contends should remain under seal as confidential business records. SunTrust seeks to seal three documents explaining codes used by SunTrust to process loan applications and deposition testimony from its employees Lynn Woosley, Shamael Mustafa, and Pamela Plemons. The SunTrust documents and the Woosley depositions are not judicial records and thus may remain sealed. SunTrust has demonstrated a compelling interest to seal part of Mr. Mustafa's and Ms. Plemons' depositions. As to these materials the Court will grant the motion, but as to non-confidential and previously disclosed testimony, the motion will be denied.

## I.    Legal Standard to Seal Court-Filed Documents

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S.

589, 597 (1978). This right of public access to judicial records derives from the First Amendment and the common law. *Va. Dep't of State Police v. Wash. Post*, 386 F.3d 567, 575 (4th Cir. 2004). When a party asks to seal judicial records, the court "must determine the source of the right of access with respect to each document," and then "weigh the competing interests at stake." *Id.* at 576 (quoting *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 181 (4th Cir. 1988)). The Court must also (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing;" and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.* (citing *Stone*, 855 F.2d at 181); *accord Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253-54 (4th Cir. 1988).

The Court has complied with the notice requirements set forth in *Stone* and *Rushford.* The plaintiffs filed the initial motion to seal documents designated by SunTrust as confidential on September 13, 2016. (Doc. 52).[1] SunTrust filed its own motion to seal and a brief in support of both motions on September 29, 2016. (Docs. 58, 59). Mr. and Ms. Trapp assert that these materials are not confidential, (Doc. 52 at 1), but no other person or entity has filed an objection to the motions to seal since their filing well over a month ago. *See Mears v. Atl. Se. Airlines, Inc.*, No. 5:12-CV-613-F, 2014 WL 5018907, at *2 (E.D.N.C. Oct. 7, 2014) ("The filing of a litigant's motion to seal . . .

---

[1] Unless otherwise stated, the references to the record cite the document number added by the CM-ECF system for this case, *Trapp v. SunTrust Bank*, No. 15-CV-937 (M.D.N.C. filed Nov. 9, 2015).

is sufficient to provide public notice and opportunity to challenge the request to seal."

(citing *In re Knight Publ'g Co.*, 743 F.2d 231, 235 (4th Cir. 1984))).

"[T]he common law presumption in favor of access attaches to all judicial records and documents," but the "First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone*, 855 F.2d at 180 (citations omitted). Judicial records are "documents filed with the court . . . [that] play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of U.S. for an Order Pursuant to 18 U.S.C. Section 2703(D)*, 707 F.3d 283, 290 (4th Cir. 2013) (collecting cases). To the extent the court does not rely on the information to decide the motion, the documents are not judicial records and no right of access applies. *Hunter v. Town of Mocksville*, 961 F. Supp. 2d 803, 806 (M.D.N.C. 2013) (citing *In re Application*, 707 F.3d at 290-91; *see also United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) (observing some court-filed documents "may not qualify as 'judicial records' at all").

Under the experience and logic test, the First Amendment right of access applies to judicial records when (1) "the place and process have historically been open to the press and general public," and (2) "public access plays a significant positive role in the functioning of the particular process in question." *In re Application*, 707 F.3d at 291 (quotation omitted). Because the public has a right to attend trials and oversee the courts, the First Amendment right of access protects the public's interest in accessing "not only the evidence and records filed in connection with summary judgment proceedings but also the district court's decision." *Doe v. Pub. Citizen*, 749 F.3d 246, 267 (4th Cir. 2014).

3

To overcome the common law right of access, the party seeking to seal must demonstrate "a 'significant countervailing interest' in support of sealing that outweighs the public's interest in openness." *In re Application*, 707 F.3d at 293 (citation omitted). In contrast, the First Amendment right of access to judicial records "yields only in the existence of a 'compelling governmental interest . . . [that is] narrowly tailored to serve that interest.'" *Id.* at 290 (quoting *Va. Dept. of State Police*, 386 F.3d at 575). To determine whether there is a compelling government interest, the court should consider "whether the records are sought for improper purposes, such as promoting public scandals or unfairly gaining a business advantage; whether release would enhance the public's understanding" of the proceeding; "and whether the public has already had access to the information contained in the records." *In re Knight Publ'g*, 743 F.2d at 235 (citing *Nixon*, 435 U.S. at 597-608).

The court may seal "sources of business information that might harm a litigant's competitive standing," *Nixon*, 435 U.S. at 598, including "confidential and proprietary commercial information [such as] highly sensitive financial and business information." *Silicon Knights, Inc. v. Epic Games, Inc.*, No. 5:07-CV-275-D, 2011 WL 901958, at *2 (E.D.N.C. Mar. 15, 2011) (order of Gates, M.J.). The party seeking to seal the documents bears the burden of demonstrating sufficient interest to overcome "the strong presumption of public access." *Pub. Citizen*, 749 F.3d at 272; *accord Owino v. IBM Corp.*, No. 1:12-CV-1041, 2013 WL 2947146, at *2 (M.D.N.C. June 14, 2013).

## II.    Analysis

### a. Documents 57, 53-2, and 53-4

These documents are business records of SunTrust that provide the meaning of codes SunTrust used during the loan application and review process. While the Court reviewed these documents, they were not determinative of or relevant to the Court's decision on standing. Nor did the parties rely on these documents to assert their arguments on standing. (*See* Docs. 45, 50, 56). Access to these documents is not necessary to understand the decision. Because of the lack of reliance by the Court and the parties, these documents are not judicial records and should therefore remain sealed.[2]

### b. Woosley Depositions

While the Court reviewed the Woosley deposition, (Doc. 53-5), it did not rely on that testimony to dismiss the case. Thus, the Woosley deposition is not a judicial record. Nonetheless, the Court denies the motion to seal as to portions that are already available on the public docket. *See In re Knight Publ'g*, 743 F.2d at 235. Specifically, pages 34-43, 110-115, and 132 of Ms. Woosley's deposition are already publicly available at

---

[2] Even if these documents are judicial records, SunTrust has met its burden under the First Amendment standard to seal the documents. In her declaration, Ms. Plemons asserts without contradiction that these documents "contain information related to SunTrust Bank's internal procedures, processes, and software programs that it uses to review consumer loan applications and detect fraudulent activity" and that if the confidential information becomes public, the disclosure will competitively harm SunTrust and undermine its anti-fraud measures. (Decl. of Pamela E. Plemons, Doc. 57 at ¶¶ 5, 7, *Trapp v. SunTrust Bank*, No. 15-CV-507 (M.D.N.C. Feb. 17, 2016)). The Court finds that this compelling interest to seal documents that were not integral to its decision would outweigh the right of access.

Document 45-4, pages 3-12 and 28-34.[3]  As to the remaining pages, the Court will grant the motion to seal.

### c.  The Mustafa Deposition

SunTrust seeks to keep under seal certain designated pages and lines of Mr. Mustafa's deposition, (Doc. 53-3), as confidential business information.  (Doc. 59 at 5 n.3, incorporating Declaration of Pamela E. Plemons at ¶ 3, *Trapp v. SunTrust Bank*, No. 15-CV-507, Doc. 57 (M.D.N.C. Feb. 17, 2016)).  Because the Court considered and generally relied on the Mustafa deposition to determine that Michelle and David Trapp lacked standing and to dismiss the case, the document is a judicial record as to which the common law and First Amendment rights of access apply.  *See In re Application*, 707 F.3d at 290-91; *Pub. Citizen*, 749 F.3d at 267.  As the First Amendment right of access provides a higher standard of protection, the Court will analyze whether SunTrust can meet this standard.

In the absence of an improper purpose and where there are no countervailing interests, sealing confidential business information is appropriate.  *See Bayer CropScience Inc. v. Syngenta Crop Prot., LLC*, 979 F. Supp. 2d 653, 656-57 (M.D.N.C. 2013); *see also Nixon*, 435 U.S. at 598.  According to Ms. Plemons' testimony, the Mustafa deposition contains information on SunTrust's loan system, which SunTrust considers proprietary and maintains as confidential and which provides SunTrust with "competitive advantages" over other financial institutions and prevents fraud.  (Doc. 53-1

---

[3] Document 45-4 also contains excerpts from the Woosley deposition that are not included in Document 53-5.

6

at 33:18-36:15; *see also* Decl. of Pamela E. Plemons at ¶¶ 3, 5-7, *Trapp*, No. 15-CV-507, Doc. 57). The Trapps have offered no evidence to the contrary and there is no indication of improper purpose.

The Court has reviewed the parts of Mr. Mustafa's testimony that SunTrust seeks to seal and finds that much of it is confidential business information as to which SunTrust has demonstrated a compelling interest to seal. A good bit, however, discusses documents not before the Court or documents that have themselves been sealed, and, in the absence of those documents, the testimony does not disclose any confidential business information. Additionally, SunTrust withdrew its confidential designation for some portions and the Court will not allow it to now re-assert confidentiality. (*See* Ex. B–Letter Dated Jan. 27 at 3-4, *2016*, *Trapp*, No. 15-CV-507, Doc. 56-2). As to these deposition pages and lines, the Court will deny the motion to seal:

> Pages 86:20-95:1
> Page 102:7-:21
> Page 104:12-:20
> Page 114:2-:10
> Page 115:7-:9
> Pages 121:10-122:3
> Pages 126:18-127:18
> Pages 130:22-131:24
> Page 139:7-:25
> Page 149:3-:13
> Pages 153:25-154:11

The motion will also be denied as to pages 78-79:17, 80-82:3, 82:8-85, 97, 101, and 138 because the public already has access to that material at Documents 23-1, 45-3 and 56-4. *See In re Knight Publ'g*, 743 F.2d at 235. As to all remaining page and line designations, the motion to seal will be granted because SunTrust has demonstrated a

7

compelling interest in preserving competitiveness and preventing fraud sufficient to overcome the First Amendment right of access.

### d. The Plemons Deposition

While the Court did not rely on the Plemons deposition to dismiss the case, it did rely on a portion, (Doc. 53-1 at 33:18-36:15), to analyze the motion to seal.[4] Thus, the Court finds the Plemons deposition is a judicial record to which the common law right of access attaches. Because the Court relied on this document in a motion to seal, as opposed to a dispositive motion, the First Amendment right of access does not attach. The Court will examine whether SunTrust demonstrated a significant interest to outweigh the common law right of access.

In her deposition, Ms. Plemons clarifies the confidential nature of documents disclosed to the Trapps in discovery, (Doc. 53-1 at 33:18-36:15), and helps break down and explain certain documents and processes, particularly SunTrust's loan system. (*E.g.*, *id.* at 38:12-39:23). As discussed above, the confidential nature of this business information is a compelling interest. With one exception, the Court finds this interest outweighs the common law right of access.

---

[4] While SunTrust did not assert in its brief on this motion to seal that the Plemons deposition explained why certain material was confidential, it incorporated several of its arguments to seal and motions for protective orders from *Trapp*, No. 15-CV-507. (Doc. 59 at p. 2 n.2 & p. 5 n.3). In these arguments, the Court found persuasive SunTrust's reliance on the description of confidential material in the Plemons deposition. (*See* Reply Br. for Protective Order at 4-5, *Trapp*, No. 15-CV-507, Doc. 67).

The Court will deny the motion to seal as to page 33:18-36:15.  Because this testimony does not relate to confidential business information, SunTrust has not overcome the public's interest in accessing the material.

The Court will also deny the motion to seal as to portions that are already available on the public docket.  *See In re Knight Publ'g*, 743 F.2d at 235.  Specifically, pages 14-16, 20-23, 38-39, 70, 87, 116-118, 129, and 139 of Ms. Plemons' deposition are already publicly available at Documents 56-2 and 45-5.

It is **ORDERED** that:

1.  SunTrust's motion to seal, (Doc. 58), is **GRANTED** and the materials on file at Document 57 shall remain under seal.

2.  Ms. Trapp's motion to seal, (Doc. 52), is **GRANTED in part and DENIED in part,** as follows:

    a.  The Clerk shall maintain the materials on file at Documents 53-2 and 53-4 under seal.

    b.  The Clerk shall maintain the material on file at Document 53-5 under seal; the public may access disclosed excerpts at Document 45-4.

    c.  Within five business days, SunTrust shall file on the public record a copy of Mr. Mustafa's deposition excerpts filed under seal at Document 53-3, with the redactions allowed by this order.

    d.  The Clerk shall maintain the material on file at Document 53-1 under seal; the public may access disclosed excerpts at Documents 56-2 and

9

45-5.  Within five business days, SunTrust shall file on the public record a copy of pages 33:18-36:15 of Ms. Plemons' deposition.

This the 18th day of November, 2016.

_____
 UNITED STATES DISTRICT JUDGE